**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| KIRSTEN NINALTOWSKI nee STADLER, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil No. 2:20-cv-01808-JMG |
| | : | |
| TJ MOORE *et al.*, | : | |
| Defendants. | : | |

**<u>MEMORANDUM OPINION</u>**

**GALLAGHER, J.**                                                                                                **July 20, 2021**

Nonparties that have been served with a subpoena have three acceptable options: comply, formally object, or move to quash. Not an option is ignoring the subpoena entirely. Yet, three nonparties—CVS Pharmacy, Rothman Institute, and Capital Health Systems Primary Care—have, inexplicably, taken that route. Despite providing the nonparties with numerous opportunities to avoid the present outcome, the Court is compelled to now find them in contempt and will sanction them accordingly.

## I.     RELEVANT BACKGROUND

Plaintiff Kirsten Ninaltowski initiated the instant action against Defendant TJ Moore and his employer, Defendant Old Dominion Freight Line, Inc., alleging that Moore negligently crashed his truck into the plaintiff's car, causing significant injuries. *See* ECF No. 1. The defendants ultimately answered the complaint, and parties proceeded to discovery. *See* ECF Nos. 10 (answer), 17 (scheduling order).

A week after the initial Rule 16 conference, on August 6, 2020, defense counsel sent subpoenas via certified mail to several nonparties, including CVS Pharmacy, Rothman Institute, Capital Health Systems Primary Care, and USAA Insurance, in order to obtain the plaintiff's

relevant medical information. *See* ECF No. 31. A few months later, on November 10, 2020,

HIPAA authorizations were sent to the nonparties. *Id.* To urge compliance, defense counsel and

her staff followed-up "numerous" times to each nonparty. *Id.* Having received no response from

the nonparties for months, counsel filed a motion to compel compliance with the subpoenas on

May 4, 2021. *Id.*

The next day, on May 5, 2021, this Court ordered the nonparties to respond to defense

counsel's motion within one week. *See* ECF No. 32. In accordance with the order, defense

counsel served the order on the nonparties via Federal Express-Overnight on May 7. ECF No.

33. Despite having been sent the order, the nonparties neither responded nor reached out to

defense counsel. ECF No. 34.

Therefore, on May 20, 2021, the Court granted the motion to compel and directed the

nonparties to comply with the subpoenas within ten days. ECF No. 35. The Court also warned

the nonparties that noncompliance may result in sanctions and/or civil contempt. *Id.* The

nonparties were sent copies of that order the next day by Federal Express Priority Overnight

Mail. ECF No. 36.

Having not received any records or communication from the nonparties, defense counsel

filed the instant motion for contempt and sanctions against the nonparties on June 10, 2021. *Id.*

The Court thereafter scheduled a show cause hearing and directed defense counsel to personally

serve the nonparties with copies of the subpoenas, the motion for sanctions, and the notice of the

hearing. ECF No. 41. The nonparties were warned that failure to attend this hearing could result

in monetary sanctions. *Id.* Defense counsel confirmed that the nonparties were personally served

on June 28, 2021. ECF No. 43.

Prior to the hearing, defense counsel provided an update regarding the noncompliant nonparties. ECF No. 44. She reported that CVS Pharmacy had reached out via email requesting yet another copy of the subpoena and authorization. *Id.* Those were re-sent on July 6, and there has been no further communication from them. *Id.* Rothman Institute had also contacted defense counsel requesting that a *different* signed authorization form was needed before records could be produced. *Id.* Defense counsel forwarded the new form to plaintiff and is waiting for its return. *Id.* Capital Health Systems Primary Care still has not responded, and the agent who initially accepted service for USAA Insurance sent a generic letter to counsel stating that they were rejecting service for one of a variety of potential reasons. *Id.*

The show cause hearing was held on July 12, 2021. None of the nonparties made an appearance; only defense counsel was in attendance.

## II.     DISCUSSION

Defense counsel has taken a frustrating and long path to attempt to obtain the necessary discovery for this case. The nonparties' repeated disregard of court orders has forced counsel to now move for contempt and sanctions against the nonparties. For the reasons that follow, the Court grants defense counsel's motion as described in more detail below.

### A.  CVS Pharmacy, Rothman Institute, and Capital Health Systems Primary Care are in contempt of court.

Rule 45(g) authorizes district courts to hold anyone in contempt who "*having been served*, fails without adequate excuse to obey the subpoena or an order related to it." FED. R. CIV. P. 45(g) (emphasis added); *see also General Ins. Co. of Am. v. E. Consol. Utilities Co.*, 126 F.3d 215, 221 (3d Cir. 1997) (noting that Rules 37(b)(1) and 45 "allow a court to treat the failure of a non-party under subpoena to provide discovery as a contempt"). It is clear from the record that the nonparties have failed to obey the subpoenas and the related orders compelling compliance

and directing them to show cause. Despite having ample opportunities to object, the nonparties have not proffered *any* excuse, let alone an adequate one, for their noncompliance. The only question, therefore, on the issue of contempt is whether the nonparties had been properly served with the subpoenas and related orders.

Service, under Rule 45, "requires delivering a copy to the named person." FED. R. CIV. P. 45(b)(1). According to Wright & Miller, "[t]he longstanding interpretation of Rule 45 has been that personal service of subpoenas is required." 9A FED. PRAC. & PROC. CIV. 2454 (3d ed.). However, recently, "a growing number of cases have departed from the view that personal service is required and alternatively have found service of a subpoena under Rule 45 absent personal service." *Id.* The rationale is that "(1) the actual language of the rule does not require personal service; (2) as Rule 4(e) demonstrates, the drafters of the Federal Rules knew how to require personal service when they wanted it; (3) the cases holding that personal service is required by Rule 45 do not provide meaningful analysis, but instead, simply quote the rule; and (4) there is absolutely no policy distinction that would justify permitting 'lesser' forms of service for a summons and a complaint—which actually commence a lawsuit—but not for a subpoena." *Hall v. Sullivan*, 229 F.R.D. 501, 505 (D. Md. 2005) (citing to 9 MOORE'S FED. PRAC.—CIVIL ¶ 45.03(4)(b)(i)).

Here, the original subpoenas, motion to compel, and order granting the motion to compel were all initially served on the nonparties by certified mail or Federal Express Overnight mail. ECF Nos. 31, 35–36. Those documents, along with the present motion for sanctions and show cause order, were then personally served on the nonparties. ECF No. 43. Following personal service, two of the nonparties (CVS Pharmacy and Rothman Institute) acknowledged receipt by emailing defense counsel with follow-up questions. ECF No. 44. An agent for one of the

nonparties (USAA Insurance) rejected service, even though they had already accepted the service. *Id.* The remaining nonparty (Capital Health Systems Primary Care) has not communicated with defense counsel at all. *Id.*

Based on this history, the Court is satisfied that three of the nonparties—CVS Pharmacy, Rothman Institute, and Capital Health Systems Primary Care—were properly served with the subpoenas and the related court orders.[1] To the extent personal service is required, these documents were ultimately personally served on the nonparties prior to the show cause hearing. Yet none of the nonparties appeared at the hearing. Nor have they produced the requested records. As such, the Court finds them in contempt.[2]

### B.  Sanctions will be imposed against those nonparties.

District courts have "wide discretion" in imposing sanctions for civil contempt. *See Robin Woods Inc. v. Woods*, 28 F.3d 396, 399 (3d Cir. 1994). The purpose of the sanctions should be "to coerce the [party] into compliance with the court's order and to compensate for losses sustained by the disobedience." *Id.* (quoting *McDonald's Corp. v. Victory Investments*, 727 F.2d 82, 87 (3d Cir. 1984)). "A compensatory award seeks 'to make reparation to the injured party and restore the parties to the position they would have held had the [order] been obeyed." *Lawn Doctor, Inc. v. Rizzo*, 646 F. App'x 195, 200 (3d Cir. 2016) (quoting *Robin Woods Inc.*, 28 F.3d at 400). On the other hand, a coercive award may describe "in advance the penalties the court will impose if the party deviates from the path of obedience." *Schutter v. Herskowitz*, No.

---

[1] There remains an open question as to whether USAA Insurance was properly served with the subpoena and show cause order. Although the agent initially accepted service on their behalf, they subsequently sent a letter purportedly rejecting the service. As such, the Court declines to hold USAA Insurance in contempt at this time. Defense counsel has indicated that they are in the process of reserving the relevant documents on USAA Insurance. Once that is complete, defense counsel may, if appropriate, move again for sanctions against USAA Insurance.

[2] Because defense counsel eventually personally served the subpoenas on the nonparties, the Court need not resolve, at this time, whether service by certified mail fulfills the requirements of Rule 45.

07-3823, 2008 WL 4822012, at *4 (E.D. Pa. Nov. 6, 2008) (emphasis omitted). Such a sanction must take into consideration "the character and magnitude of the harm threatened by continued contumacy, and the probable effectiveness of any suggested sanction in bringing about the result desired." *United States v. United Mine Workers of Am.*, 330 U.S. 258, 304 (1947).[3]

The present circumstances warrant a daily fine of $250 for every day that the nonparties fail to comply with the subpoenas. Defense counsel has patiently, and repeatedly, attempted to obtain the nonparties' compliance with the subpoenas, to no avail. The requested documents are central to the defendants' ability to defend this case, and the nonparties' continued contumacy has caused significant delays. Most recently, the discovery deadlines were extended an additional sixty days because of the nonparties' noncompliance. Therefore, the daily fine is an appropriate means to coerce compliance.

### III.    CONCLUSION

For the foregoing reasons, the motion for contempt and sanctions will be granted. An appropriate order follows.

BY THE COURT:

*/s/ John M. Gallagher*
JOHN M. GALLAGHER
United States District Court Judge

---

[3] "The Third Circuit has cautioned that the 'least coercive sanction (e.g., a monetary penalty) reasonably calculated to win compliance with its orders' should be implemented." *Shmuely v. Transdermal Specialties, Inc.*, No. 17-1684, 2019 WL 3002942, at *4 (E.D. Pa. July 10, 2019) (Lloret, J.) (quoting *Pasternak v. Klein*, No. 14-2275, 2017 WL 1508970, at *2 (E.D. Pa. April 27, 2017)).